By the Court.
 

 There is but a single question involved in this controversy, to wit: Did the director of finance on May 25, 1931, before the contract was entered into between the representatives of the state of Ohio and the relators, “first certify,” as required by Section 2288-2, General Code, that the purchase price of said premises was fully covered by unincumbered balances of the appropriate account and that such expenditure had been legally appropriated?
 

 The court is of opinion that the certificate of the director of finance that “the cost of the contract detailed above is fully covered by unencumbered balances in the accounts shown and that the expenditure therefor has been legally appropriated,” together with the other steps revealed by the agreed statement of facts and admissions in the pleadings, shows that the state of Ohio, acting through its proper officials duly authorized in the premises, was ready to proceed to enter into a legal contract with the relators for the purchase of their property after May 25, 1931; that thereupon the relators, relying upon the representations and actions of the officials acting on behalf of the state, accepted the offer of such officials for the purchase of the property in question, and prepared and
 
 *386
 
 submitted an abstract of title of such premises and a good and sufficient deed for the same to the department of the Attorney General, which title was duly approved and the conveyance for the land in question found to be satisfactory; that by the Attorney General such conveyances were duly turned over to the proper representative of the state, and these deeds and instruments, evidencing good and sufficient title, were retained by the officials of the state and are still in the possession of such officials, to wit, the auditor of state or other state officer.
 

 This acceptance and retention on the part of the state of the muniments of title constituted a consummation of all preliminary agreements and transactions between the parties, and mark the completion of the contract between the state of Ohio, through its representatives, on the one side, and the relators and Anna Pocock, on the other. All these steps were taken after May 25,1931, and before October 29,1931.
 

 The relators were unable to do more in the premises than to furnish a satisfactory title and deliver good and sufficient deeds for the land in question, nor were they required to do more. The minds of the parties having met, there was nothing more for the relators to do, and the state cannot be relieved from the fulfillment of its contract. All statutory requirements looking toward a valid contract on the part of the state and the relators having been observed, the state cannot renounce its obligation to complete the terms of the contract upon its part. The writ of mandamus prayed for in the amended petition will therefore be allowed.
 

 Writ allowed.
 

 Weygandt, C. J., Day, Allen, Stephenson, Jones and Matthias, JJ., concur.